UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Debtor.

------------------------------------

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC,

        Plaintiff,

   v.

COHMAD SECURITIES CORP, *et al.*,

        Defendants.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 14, 2012

11 Misc. 337
11 Misc. 338
11 Misc. 352

**OPINION**

       These are three related motions for leave to appeal an August 1, 2011 order of the United States Bankruptcy Court for the Southern District of New York. The underlying action is a proceeding by Irving Picard, trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation of Benard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), seeking to recover various sums transferred to the defendants by BLMIS. Cohmad Securities Corporation and various individual defendants filed the first motion and the Jalon and Berman motions

are joinders in the Cohmad motion.  The issue for appeal is whether the Bankruptcy Court erred by failing to apply Federal Rule of Civil Procedure 9(b) to claims for constructive fraudulent transfer under New York law and the United States Bankruptcy Code, where such claims are based on allegations of fraud.

The motions are denied.

## Background

This case arises out of the massive Ponzi scheme perpetrated by Bernard Madoff.  A detailed recount of the factual and procedural history of this case is presented in the thorough opinion of the Bankruptcy Court, and the court assumes familiarity with that opinion and with the general underlying background of the well known Madoff Ponzi scheme.  See Picard v. Cohmad Sec. Corp., 454 B.R. 317 (Bankr. S.D.N.Y. 2011).  The present action is against Cohmad Securities Corporation and others, seeking to recover alleged fraudulent conveyances transfers made to them from BLMIS during Madoff's fraud.  The trustee asserts both "actual fraudulent conveyance" claims and "constructive fraudulent conveyance" claims under provisions of the United States Bankruptcy Code and the New York Debtor & Creditor Law ("DCL").  Although the actual fraudulent conveyance claims require proof of fraudulent intent, the constructive fraudulent conveyance claims require either a showing of a lack of "reasonably equivalent value for the transfer" (Bankruptcy Code) or a lack of "fair consideration" (DCL), which can be demonstrated by showing a lack of either "fair equivalent property" or "good faith."  Id. at 330, 333.

On August 1, 2011, the bankruptcy court denied Cohmad's motion to dismiss. The court applied the heightened pleading standard of Rule 9(b) to Picard's actual fraudulent conveyance claims and found that the claims satisfied Rule 9(b), but declined to do so with regard to Picard's constructive fraudulent conveyance claims. The court rejected the argument that Rule 9(b) applied to constructive fraudulent transfer claims that are based on underlying fraudulent conduct, noting that "the Second Circuit has indicated that Rule 8(a) applies to constructive fraud claims even where the court considers the transferee's knowledge of the fraud and underlying actions." Id. at 332 n.12 (citing Sharp Int'l Corp. v. State St. Bank & Trust Co., 403 F.3d 43, 53-54 (2d Cir. 2005) and Silverman v. Actrade Capital, Inc., 337 B.R. 791, 801 (Bankr. S.D.N.Y. 2005)). Based on its reading of detailed factual allegations concerning the connection between various defendants and Madoff, and their access to information about his fraud, the court then held that the trustee "has plausibly alleged a lack of innocence sufficient to . . . raise the curtain for discovery into the value, if any, given by Cohmad and Sonny Cohn in exchange for their receipt of Commissions." Cohmad Securities Corp., 454 B.R. at 337 (quoting Fed. R. Civ. P. 8(a)(2)).

The movants assert that the August 1 order ignored controlling Second Circuit authority, Rombach v. Chang, 355 F.3d 164, 170-171 (2d Cir. 2004), which applied Rule 9(b) to certain securities claims that did not require a showing of scienter where they were based on allegations of fraud. The Rombach court held that "the heightened pleading standard of Rule 9(b)

- 3 -

applies to Section 11 and Section 12(a)(2) claims insofar as the claims are premised on allegations of fraud." Id.  The court noted Rule 9(b) applies to "all averments of fraud" and that this "wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." Id. Thus, under Rombach, even if a claim does not require proof of fraud, if the conduct alleged is fraudulent, Rule 9(b) should apply.  Id.

The movants contend that Rombach compels application of Rule 9(b) to the trustee's claims for constructive fraudulent conveyance because those claims are premised on the idea that the recipients did not receive the transfers in good faith, because they knew of Madoff's Ponzi scheme and participated in it.  Movants argue that had the Bankruptcy Court applied Rule 9(b) to the constructive fraudulent conveyance claims, it would have dismissed them.

## DISCUSSION

In considering motions for leave to appeal decisions of bankruptcy courts, courts have generally referred to the standards set forth in 28 U.S.C. § 1292(b), which govern interlocutory appeals of district court orders to the court of appeals.  See Picard v. Merkin, No. 11 Mc. 12 (KMW), SIPA Liq. No. 08-1789 (BRL), 2011 U.S. Dist. LEXIS 97647, at *7 (S.D.N.Y. Aug. 31, 2011).  Accordingly, a court should grant leave to appeal where (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Id. (citing 28 U.S.C. § 1292(b)).

Controlling Question of Law

A question of law is "controlling" if it is a "pure question of law" that can be resolved "quickly and cleanly" without reference to the record. Merkin, 2011 U.S. Dist. LEXIS 97647, at *7-8. It should be a question that either terminates or would have a material impact on the litigation. Id.

Here, the question presented by the moving parties—whether Rule 9(b) applies to a constructive fraudulent conveyance claim that is based on averments of fraud—is a narrow question of law that the court can answer without resort to the record. The trustee argues that answering this question would involve referring to the pleadings in the case, but the court can easily consider this question by assuming arguendo that the complaint does sound in fraud within the meaning of Rombach v. Chang, and then determine whether this circumstance compels application of Rule 9(b) to claims for constructive fraudulent transfers. Because of the possibility that a decision for movants on this issue could make it more difficult for the trustee to pursue these claims, the court concludes that it would have a material impact on the litigation. Therefore, the court holds that movants have sufficiently presented a controlling question of law.

Substantial Grounds for Difference of Opinion

Substantial grounds for difference of opinion exist where courts disagree on the question to be certified for appeal. In re Lloyd's Am. Trust Funds Litig., No. 96 Civ. 1262 (RWS), 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997).

There should be "genuine doubt as to whether the Bankruptcy Court applied the correct standard." Enron Corp. v. Springfield Assocs., LLC, No. M-47 (SAS), 2006 U.S. Dist. LEXIS 63223, at *4 (S.D.N.Y. Sept. 5, 2006).

Here, movants argue that Rombach requires application of Rule 9(b) to claims of constructive fraudulent conveyance that are based on allegations of fraud. However, just two years ago, this court held that because "the intent to defraud is not an element of constructive fraudulent conveyance, claims of constructive fraud do not need to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b)." Bank of Communs. v. Ocean Dev. Am., Inc., No. 07 Civ. 4628 (TPG), 2010 U.S. Dist. LEXIS 21061, at *16 (S.D.N.Y. Mar. 8, 2010) (citing Sullivan v. Kodsi, 373 F. Supp. 2d 302, 307 (S.D.N.Y. 2005)). Despite some tension with certain language in Rombach, courts in this Circuit have consistently applied Rule 8(a), not Rule 9(b), to claims for constructive fraudulent conveyance under the Bankruptcy Code and the DCL. See In re Sharp Int'l Corp., 403 F.3d at 53; Ocean Dev. Am., Inc., 2010 U.S. Dist. LEXIS 21061, at *16; Cendant Corp. v. Shelton, 474 F. Supp. 2d 377 (D. Conn. 2007); Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.), 337 B.R. 791, 801 (S.D.N.Y. 2007); Sullivan, 373 F. Supp. 2d at 307. This is the case even where the plaintiff alleges that the defendant knew he was receiving the profits of a fraud and allegedly did not act in good faith. See In re Sharp Int'l Corp., 403 F.3d at 53 (applying Rule 8(a) to constructive fraudulent conveyance claims and Rule 9(b) to actual fraudulent conveyance claims, where recipient of transfer allegedly knew it was receiving proceeds of a fraud); Silverman, 337

B.R. at 798, 801 (applying Rule 8(a) to constructive fraudulent transfer claims based on allegations that defendant had "knowingly advanced funds against fictitious inventory"; noting that "the great majority of cases hold that since a cause of action based on constructive fraud[ulent conveyance] does not require proof of fraud, the heightened pleading requirements of Rule 9(b) are not applicable.").

These cases demonstrate that courts consistently apply Rule 8(a) to claims of constructive fraudulent transfer, even where, as here, there are allegations that the defendants were aware of the misconduct when they received the transfers.  Therefore, movants have not demonstrated that there are substantial grounds for difference of opinion.

<u>Whether Appeal Would Materially Advance the Litigation</u>

Moreover, an interlocutory appeal should be allowed only where it would "materially advance the litigation."  28 U.S.C. § 1292(b); <u>see also</u> <u>Telectronics Proprietary, Ltd. v. Medtronic, Inc.</u>, 690 F. Supp. 170, 172 (S.D.N.Y.1987) (noting that certification is appropriate where the appeal "might avoid protracted and expensive litigation.").  This element is not met here because regardless of how the court rules on an appeal, the actual fraudulent conveyance claims will proceed.  Allowing a piecemeal appeal concerning the pleading standard for the constructive fraudulent conveyance claims will not serve judicial economy.  Rather, it will only lead to further inefficient pretrial litigation over the technical sufficiency of one part of the complaint.  See <u>LXR Biotechnoogy, Inc. v. Intelligent Surgical Lasers</u>, No. 95 Civ. 7215 (RWS), 1997

WL 20832, at *3 (S.D.N.Y. Jan. 21, 1997) ("As a general rule, rulings on the sufficiency of pleadings are not appropriate for interlocutory review.").

## Conclusion

For the foregoing reasons, the motions are denied.

So ordered.

Dated: New York, New York
November 14, 2012

_____
Thomas P. Griesa
U.S. District Judge